IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIRGINIA G. HUDGINS, individually and as next friend for SETH NEAL HUDGINS, a minor<br><br>    Plaintiffs,<br><br>v.<br><br>UNUM PROVIDENT CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA and CONSTANCE HUDGINS,<br><br>    Defendants. | Civil No:   3:04-992<br>                Judge Campbell/Brown<br><br>Removed from Chancery Court for Robertson County, Tennessee<br>No. 18355 |

### VIRGINIA G. HUDGINS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY CONSTANCE HUDGINS

      Constance Hudgins has filed a document entitled "Defendant Constance Hudgins' Motion for Denial of Plaintiff's Motion for Summary Judgment and for Entry of Summary Judgment in Defendant's Favor." In Constance Hudgins' Motion for Summary Judgment, she asserts that she should be declared the primary beneficiary of the two insurance policies presently in question issued by UNUM Life Insurance Company of America. The defendant's rationale for the grant of such summary judgment is contained in the "Defendant Constance Hudgins' Memorandum in Support of her Motion for Denial of Plaintiff's Motion for Summary Judgment and for Entry of Summary Judgment in Defendant's Favor."

1

Constance Hudgins argues that as a matter of law, a constructive trust should not be imposed on the UNUM policy proceeds. As the plaintiff reads the defendant's memorandum, the defendant is attempting to argue that the UNUM policies in question were in existence at the time that the Marital Dissolution Agreement was entered into but were not contemplated by the parties as the source of the proceeds that would satisfy the insurance obligations of the decedent's husband, Dennis N. Hudgins. (See page 2 of Defendant's Memorandum). As pointed out by defendant in her memorandum, Article III, Section E of the Permanent Parenting Plan which was made a part of the Marital Dissolution Agreement provides that both the father, Dennis N. Hudgins, and the mother, Virginia G. Hudgins, are to insure their own lives in the minimum amount of One Hundred Thousand and No/100 ($100,000.00) Dollars and that the policy(ies) are to name the other parent as beneficiary. The designated beneficiary was to hold said funds as trustee. The funds were to be used for the benefit of the parties' minor child. The beneficiary was to serve as trustee without bond or accounting.

The defendant attempts to argue that because the policies were in existence at the time of the divorce, the language referred to above in the Permanent Parenting Plan obviously did not contemplate these life insurance policies being the policies which Mr. Hudgins was to carry. In Virginia G. Hudgins' Affidavit, she states that at the time of the divorce, she understood that she was the beneficiary of the Twenty Thousand and No/100 ($20,000.00) Dollar and One Hundred Thirty Thousand and No/100 ($130,000.00) Dollar policies at issue. (Hudgins Affidavit, ¶1). At the time of the divorce, she was also the beneficiary of an Old Line Life policy carried by her ex-husband. Her ex-husband informed Virginia Hudgins after the divorce that he could not continue to pay premiums on all the policies. Mr. Hudgins indicated he was dropping the Old Line Life policy, but

2

would continue to see that Virginia Hudgins was named as the beneficiary on a sufficient portion of the UNUM policies so that Mr. Hudgins would be in compliance with the provisions of the divorce decree. Virginia Hudgins never received notice that the beneficiary of the UNUM Life Insurance policies was changed to anyone but her. (Virginia Hudgins Affidavit, ¶3).

The defendant at great length attempts to distinguish certain cases cited by the plaintiff including *Breckenridge v. Robbins*, 203 W.L. 23100343 (Tenn. App. 2003); *Goodrich v. Massachusetts Mut. Life Ins. Co.,* 34 Tenn. App. 516, 240 S.W.2d 263 (1951); *Dossett by Dossett v. Dossett*, 712 S.W.2d 96 (Tenn. 1986); and *Holt v. Holt*, 995 S.W.2d 68 (Tenn. 1999). It is respectfully submitted that the distinctions which the defendant attempts to draw, if in fact they are distinctions, are distinctions without a difference.

The case of *Holt v. Holt*, 995 S.W.2d 68 (Tenn. 1999) contains the controlling law in the State of Tennessee. In this case, the Tennessee Supreme Court discussed a long line of Tennessee cases in which (1) there had been an identifiable insurance policy at the time of the divorce; (2) the husband was under an obligation through a divorce decree to maintain the life insurance for the benefit of his ex-wife and/or his minor children; and (3) the husband, after the divorce, terminated the policy or changed the beneficiary. The discussed cases included *Goodrich v. Massachusetts Mut. Life Ins. Co.*, 34 Tenn. App. 516, 240 S.W.2d 263 (1951); *Herrington v. Boatright*, 633 S.W.2d 781 (Tenn. App. 1982) and *Dossett by Dossett* v. *Dossett*, 712 S.W.2d 96 (Tenn. 1986). The court, after discussing these cases, stated:

> These cases stand for the proposition that when a life insurance policy exists at the time of a divorce decree, the mandated beneficiary of the divorce decree retains a vested interest in that policy in the event that the obligor's spouse does not comply with the terms of the divorce decree. No reported cases, however, address the circumstance in the present case in which no identifiable insurance policy existed at

3

the time of the divorce. *Id.* at 74.

The Marital Dissolution Agreement and Parenting Plan in the case at bar mandate that the decedent, Dennis N. Hudgins, maintain life insurance of at least One Hundred Thousand and No/100 ($100,000.00) Dollars naming the plaintiff, Virginia G. Hudgins, in her capacity as trustee, as beneficiary under the policy. The divorce decree does not spell out how Mr. Hudgins must comply with the divorce decree. He is free to use any existing policies or any future policies to accomplish the mandate of the court. The UNUM Life Insurance policies in question existed at the time of the divorce decree and named Virginia Hudgins as the beneficiary. (Virginia Hudgins Affidavit, ¶1, Parsons Deposition, pp. 32, 8-11).

Since the UNUM Life Insurance policies existed at the time of the divorce, the plaintiff asserts that, pursuant to the cases discussed in *Holt*, she retains a vested interest in the policies. However, other portions of the *Holt* decision clearly indicate that where a decedent such as Mr. Hudgins was obligated by a divorce decree to carry life insurance, the person designated in the divorce decree to be the beneficiary has a vested interest in any policy carried by the decedent at the time of his death if the decedent has failed to carry insurance, as required by the divorce decree, designating the party's former spouse or minor children as beneficiaries.

The court in *Holt v. Holt*, after discussing the existing Tennessee law and authorities from other jurisdictions, stated:

> After carefully considering principles of law as well as principles of equity, we conclude that no significant difference exists between circumstances in which an identifiable life insurance policy existed at the time of the divorce, *e.g.*, *Dossett, supra, Goodrich, supra*, and the circumstances of the present case. See *Flaherty,* 568 F.Supp. at 615 ('[T]his court does not find the difference to be significant or distinguishable.'). The language of the life insurance policy provision of the divorce decree in the present case requires that Elliott Holt be named as the "sole and

4

irrevocable beneficiary" of a $100,000.00 policy. When Elliott Holt reaches age twenty-five , the decree mandates that all proceeds be paid over to him. Furthermore, the terms of the decree are "binding upon and inure to the benefit of the parties . . ., their personal representatives, heirs and assigns." We believe that the clear language of the divorce decree contemplates a continuous obligation in which Elliott Holt should be provided for in the event of the Decedent's death. Thus, we find that the divorce decree creates in Elliott Holt a vested right to any life insurance policy obtained by the Decedent that satisfies the mandate in the decree.

We agree with the district court in Flaherty that a contrary ruling would "abrogate the power" of divorce courts in this state. See *Flaherty, 568 F. Supp.* at 616. We believe that the public policy of this state strongly favors the enforcement of court orders particularly when the welfare of children is involved. When this public policy consideration is juxtaposed with the unique facts of the present case, it appears that the lower courts properly applied the maxim, "[e]quity regards that as done which in good conscience ought to be done." *McCann Steel,* 337 S.W.2d at 891 at 891; *Gibson's Suits in Chancery,* §21.

Based on the language of *Holt* quoted above, it is apparent that the Tennessee Supreme Court will impose a constructive trust on any insurance maintained by a person such as Mr. Hudgins where the imposition of the constructive trust is necessary to protect the interest of an ex-wife or minor children who, pursuant to the terms of a divorce decree, were to be designated as beneficiaries of a given dollar amount of insurance.

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment filed by the plaintiff should be granted and the Motion for Summary Judgment filed by the defendant should be denied.

    Respectfully submitted,

GOODMAN & WALKER


/s/ Angus Gillis, III with permission
William R. Goodman, III     #5439
*Attorneys for Plaintiff*
122 6th Ave. West
Springfield, TN 37172
(615) 384-8463


SCHULMAN, LEROY & BENNETT, P.C.


/s/ Angus Gillis, III
Angus Gillis, III     #2272
Brian Casper     #22720
*Attorneys for Plaintiff*
7th Floor, 501 Union Building
P. O. Box 190676
Nashville, TN 37219-0676
(615) 244-6670

6

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via the Court's Electronic Filing System and via first class United States Mail, postage prepaid, to Tony R. Dalton, Woolf, McClane, Bright, Allen & Carpenter, PLLC, 900 S. Gay St., Suite 900, P.O. Box 900, Knoxville, TN 37901-0900 and Ronald K. Nevin, Parkway Towers, 404 James Robertson Parkway, Suite 1850, Nashville, TN 37219-1596, on this the ___ day of _____, 2005.

                                                     /s/ Angus Gillis, III
                                                     Angus Gillis, III