UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA G. HUDGINS, individually, and as next friend for SETH NEAL HUDGINS, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 3:04-992 |
| | ) | Judge Campbell |
| UNUMPROVIDENT CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA, and CONSTANCE HUDGINS, | ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Virginia G. Hudgins and Defendant Constance Hudgins (Docket Nos. 34 and 39). For the reasons explained herein, Plaintiff's Motion (Docket No. 34) is GRANTED, and Defendant's Motion (Docket No. 39) is DENIED.

I. Introduction

In this case, the Court is called upon to determine the rights of parties to the proceeds of two insurance policies totaling $150,000.00 insuring the life of Dennis N. Hudgins, now deceased. In a Marital Dissolution Agreement ("MDA") incorporated in a divorce decree, the decedent agreed to insure his own life in the minimum amount of $100,000.00 and to name his former wife, Virginia Hudgins, as trustee of the funds for the couple's minor child, Seth Neal Hudgins.

1

At the time of his death, Mr. Hudgins owned two life insurance policies issued by UNUMProvident's subsidiary, UNUM Life Insurance Company of America: a $130,000.00 life insurance policy naming his adult daughter Constance Hudgins as the primary beneficiary[1] and a $20,000.00 life insurance policy naming his former wife Virginia Hudgins as the sole beneficiary.[2]

UNUM Life Insurance Company paid out policy proceeds in the amount of $150,061.64 to UNUMProvident Corporation, which held the proceeds in a "security account" for the benefit of Constance Hudgins. Virginia Hudgins then filed suit against UNUM Life Insurance Company, UNUMProvident Corporation, and Constance Hudgins, contending that she is entitled to 70% of the $150,061.64. UNUMProvident Corporation recently withdrew $100,680.49 from the "security account" and paid it into the Registry of the Court. At that time, UNUM Life Insurance Company and UNUMProvident Corporation were dismissed from this action.

## II.   Factual and Procedural History

Dennis Hudgins ("the decedent") first became an employee of First Fleet, Inc. in 1999. The company provided him with $20,000.00 of life insurance coverage free of charge. He executed an Enrollment Form for his life insurance designating his wife Virginia Hudgins as 100% beneficiary. (Exh. 1 to Parsons Dep.). At that time, the insurance provided through First Fleet, Inc. was carried through Medical Life Insurance Company. The carrier changed from Medical Life Insurance

---

[1]The form also lists Virginia Hudgins as a 70% contingent beneficiary and Constance Hudgins as a 30% contingent beneficiary.

[2]Virginia Hudgins contends that the decedent never changed that designation. Constance Hudgins contends that the decedent's subsequent beneficiary designation on November 11, 2003 applied to both the $20,000.00 policy and the $130,000.00 policy.

2

Company to UNUM Life Insurance Company in 2001 or 2002. At the time of the change in the carrier, no new beneficiary designation was made.

Effective March 1, 2000, Mr. Hudgins purchased an additional $130,000.00 in coverage through First Fleet, Inc. He paid the premiums for this coverage. No beneficiary designation form was filled out when the $130,000.00 in coverage was purchased.

Mr. and Mrs. Hudgins divorced pursuant to a decree entered by the Chancery Court for Robertson County, Tennessee on September 18, 2003. At the time of the divorce, the couple had one child, Seth Neal Hudgins, born in January 1991. The divorce decree incorporated the terms of the MDA and a Parenting Plan executed by the divorcing couple. Section III(E) of the Parenting Plan required Dennis Hudgins to insure his own life in the minimum amount of $100,000.00 and to designate Virginia Hudgins as the beneficiary of the insurance benefits. She was to serve as trustee of the funds which were to be used for the support of their minor child, Seth Neal Hudgins. (Attachs. to Virginia Hudgins Aff.).

At the time of the divorce, Dennis Hudgins carried three life insurance policies, the two policies which he had obtained through his employer, First Fleet, Inc., and a third policy, which he had obtained independently from Old Line Life.

On or about November 11, 2003, Dennis Hudgins executed an Open Enrollment Form in connection with his life insurance with First Fleet, Inc. The form lists Constance Hudgins as the primary beneficiary. The form then lists Virginia Hudgins as a 70% contingent beneficiary and Constance Hudgins as a 30% contingent beneficiary. There is nothing on the face of the form to indicate that it is applicable to the $20,000.00 policy. The form only references life insurance in the amount of $130,000.00. (Exh. 4 to Parsons Dep.).

3

Virginia Hudgins states that, at the time of the divorce, she understood that she was the beneficiary of all three policies owned by her former husband. She states that he informed her after the divorce that he could not afford the premiums on all three policies so he was dropping the Old Line Life policy. He told her that he would name her as the beneficiary on a sufficient portion of the First Fleet, Inc. policies to comply with the provisions of the divorce decree.

Dennis Hudgins died of a heart attack on September 8, 2004. At the time of his death, Dennis Hudgins had $150,000.00 of life insurance obtained through First Fleet, Inc. -- the $20,000.00 policy given to him as a benefit of his employment and the $130,000.00 policy purchased by him for additional coverage. UNUM Life Insurance Company paid out policy proceeds in the amount of $150,061.64 to UNUMProvident Corporation, which held the proceeds in a "security account" for the benefit of Constance Hudgins. It was UNUM's position that the beneficiary designation made in the Open Enrollment Form on November 11, 2003, governed both of Mr. Hudgins' policies because the form was executed after both policies became effective, it was the only beneficiary designation form received from First Fleet, Inc., and it does not limit the designation to any particular policy. (Docket No. 32 ¶ 5).

On September 29, 2004, Plaintiff Virginia Hudgins, individually and as next friend for her son Seth Neal Hudgins, filed suit against UNUM Life Insurance Company, UNUMProvident Corporation, and Constance Hudgins in Chancery Court for Robertson County, Tennessee. Plaintiff contends that Dennis Hudgins made a unilateral mistake in completing the Open Enrollment Form on November 11, 2003. Plaintiff asserts that Mr. Hudgins intended for Virginia Hudgins to receive 70% of the total benefits to satisfy the terms of the divorce decree and for Constance Hudgins to receive 30% of the total benefits. According to Plaintiff, based on Dennis Hudgins' mistake, the

Court should reform the Open Enrollment Form and find that Virginia Hudgins was a 70% beneficiary of the insurance policies and Constance Hudgins was a 30% beneficiary of the insurance policies.

Alternatively, Plaintiff submits that the actions of the decedent in changing the beneficiary on his life insurance were fraudulent and contrary to the terms and conditions of the final divorce decree previously rendered by the parties. As a result, Plaintiff asks the Court to impose a constructive trust on the insurance proceeds that were paid by UNUMProvident Life Insurance Company of America and held by UNUMProvident Corporation in a "security account" for Constance Hudgins.

UNUMProvident removed the case to this Court on November 5, 2004, asserting that this Court has jurisdiction over Plaintiff's claims pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as set forth in 29 U.S.C. §§ 1001, et seq. Plaintiff subsequently filed a Motion to Remand (Docket No. 7), contending that this action was not properly removed because it is not "an ERISA action" but rather is an action to impose a constructive trust on certain funds held by UNUMProvident Corporation. The Court denied Plaintiff's Motion to Remand, finding that Plaintiff had asserted a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and this claim arises under federal law. (Docket No. 11 at 3-4).

By consent of the parties, UNUMProvident Corporation recently withdrew $100,680.49 from the "security account" and paid it into the Registry of the Court. (Docket No. 33). All claims against UNUM Life Insurance Company of America and UNUMProvident Corporation were dismissed with prejudice at that time. (Id.)

Virginia Hudgins and Constance Hudgins have now filed cross-motions for summary judgment.[3]  (Docket Nos. 34 and 39).  Virginia Hudgins contends that she is entitled to 70% of the $150,061.64, but asserts that if the Court awards her $100,000.00 of the proceeds to be held in trust for her son, she will waive any claim she has to the additional $5,000.00 to which she would be entitled if she received 70% of the total death benefit.  Constance Hudgins maintains that she is entitled to 100% of the proceeds from both policies.

### III. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In order to prevail, the movant has the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In order to defeat the motion, the nonmoving party is required to show, after an adequate time for discovery, that there is a genuine issue of fact as to every essential element of that party's case upon which he will bear the burden of proof at trial.  Celotex Corp., 106 S. Ct. at 2553.  In

---

[3]The Court notes that Defendant Constance Hudgins failed to comply with Local Rule 8(b)(7)  in that she did not file a statement of undisputed material facts along with her motion for summary judgment and did not respond to Plaintiff's statement of undisputed material facts.

6

order to create a genuine factual issue, the nonmoving party must show "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Although the nonmovant need not show that the disputed issue should be resolved in his favor, he must demonstrate that there are genuine factual issues that "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id.

A preponderance of the evidence standard is used in this determination. Id. Therefore, if the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative," the motion for summary judgment may be granted. Id. See also Matsushita Electric, 106 S.Ct. at 1356.

IV. Analysis

The parties agree that under existing Sixth Circuit precedent,[4] the Court has the authority to impose a constructive trust on the proceeds of the UNUM insurance policies at issue, even though the policies are part of an employee welfare benefit plan governed by ERISA. The parties dispute whether a constructive trust should be imposed under the present facts.

Constructive trusts are equitable devices used by courts "'to avoid the unjust enrichment of a person who: by fraud, actual or constructive, by duress or abuse of confidence, by commission of a wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal title

---

[4]The Sixth Circuit Court of Appeals has held that "once the benefits [of an ERISA employee welfare benefit plan] have been released to the properly designated beneficiary, the district court has the discretion to impose a constructive trust upon those benefits in accordance with applicable state law if equity so requires." Central States, Southeast & Southwest Areas Pension Fund v. Howell, 227 F.3d 672, 679 (6th Cir. 2000).

7

to property which he ought not, in equity and good conscience hold and enjoy.'" Holt v. Holt, 995 S.W.2d 68, 72 (Tenn. 1999)(quoting Rowlett v. Guthrie, 867 S.W.2d 732, 734 (Tenn. Ct. App. 1993)). "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest[,] equity converts him into a trustee." Id. (citation and internal quotation marks omitted). In determining whether a constructive trust is appropriate, an insured's privies can stand on no higher ground that the insured himself. Goodrich v. Mass. Mut. Life Ins. Co, 240 S.W.2d 263, 270 (Tenn. Ct. App. 1951).

"Tennessee courts have long recognized that '[e]quity regards that as done which in good conscience out to be done.'" Holt, 995 S.W.2d at 71 (quoting McCann Steel Co. v. Third Nat'l Bank, 337 S.W.2d 886, 891 (1960); William H. Inman, Gibson's Suits in Chancery § 21 (7th ed. 1988); 11 Tenn. Jur. Equity § 11 (1995); 2 Pomeroy Equity Jurisprudence § 364 (5th ed. 1941)). In following this maxim,

> Tennessee courts have utilized equitable grounds to protect persons legally mandated to be listed as beneficiaries of a life insurance policy. As such, it is clear under Tennessee law that an enforceable agreement, such as a marital dissolution agreement, which mandates that an individual be listed as a beneficiary of a life insurance policy existing at the time of the agreement vests in that individual an equitable interest in the designated policy.

Holt, 995 S.W.2d at 77. Such vested interests "are continuing ones" because the "public policy of [Tennessee] strongly favors the enforcement of court orders, particularly when the welfare of children is involved." Id. In Holt, the Tennessee Supreme Court held that "no significant difference exists between circumstances in which an identifiable life insurance policy existed at the time of the divorce . . . ." and circumstances where a policy is acquired after the divorce and "the

8

clear language of the divorce decree contemplates a continuous obligation" by the obligor to provide for a minor child in the event of his or her death. Id. This is true, said the court, because a contrary ruling would "abrogate the power" of divorce courts in Tennessee. Id.

Plaintiff Virginia Hudgins contends that the Court should impose a constructive trust on the portion of the proceeds of decedent's life insurance policies to which she is entitled under the divorce decree. She asserts that since the policies existed at the time of the divorce, she retains a vested interest in them. Alternatively, she asserts that if the Court finds that Mr. Hudgins failed to carry insurance as required by the divorce decree designating her as the beneficiary, she has a vested interest in any life insurance policy carried by Mr. Hudgins at the time of this death.

On the other hand, Defendant Constance Hudgins maintains that the Court should not impose a constructive trust on any of the UNUM policy proceeds because Mr. Hudgins committed no wrong when he designated her as the beneficiary of the UNUM policies. According to her, because the UNUM policies were in existence at the time of the divorce but were not specifically referenced in the divorce decree and Parenting Plan, those policies were not contemplated as the means of satisfying Mr. Hudgins' insurance obligation under the Parenting Plan. As a result, Mr. Hudgins was free to change the beneficiary of those policies at any time.

Defendant's argument is not persuasive. The language of the Parenting Plan, which was incorporated in the parties' MDA, clearly requires the decedent to maintain life insurance of at least $100,000.00 naming Plaintiff as beneficiary, in her capacity as trustee for the Hudgins' minor child. While the UNUM policies at issue in this case were not specifically referenced in the MDA or the Parenting Plan, both policies existed at the time of the divorce and named Plaintiff as the beneficiary. Thus, under Tennessee law, the Court finds that Plaintiff has a vested interest in those

9

policies.  See e.g., Dossett v. Dossett, 712 S.W.2d 96 (Tenn. 1986)(holding that as a matter of equity, minor children had vested interest in proceeds of their father's life insurance policy where divorce decree obligated father to maintain insurance policy on his life with his minor children being designated as beneficiaries, and at time of divorce he owned a life insurance policy naming his former wife as beneficiary, even though after the divorce father remarried and named his new wife as beneficiary of the policy).

Even if the Court were to accept Defendant's argument that the UNUM policies are not "identifiable" policies because they were not expressly referenced in the parties' divorce decree, because the divorce decree obligated Mr. Hudgins to carry life insurance designating Plaintiff as the beneficiary and clearly contemplated a continuous obligation by Mr. Hudgins to provide support for his minor child in the event of his death, the Court finds that Plaintiff has a vested interest in the UNUM policies carried by Mr. Hudgins at the time of his death because they satisfy the mandate in the divorce decree.  See Holt, 995 S.W.2d at 77-78 (holding that divorce decree requiring father to procure $100,000.00 life insurance policy listing son as sole irrevocable beneficiary to secure child support obligation created in son a vested right to any life insurance policy obtained by father that satisfied mandate in decree, and thus, son was entitled to imposition of a constructive trust on proceeds of $50,000.00 policy father owned at death, which named son's grandmother as beneficiary, even though no identifiable insurance policy existed at time of divorce).

Therefore, the Court finds that Plaintiff holds an equitable interest in the proceeds of the UNUM policies to the extent of the amount listed in the Parenting Plan, which was incorporated into the divorce decree.  Dennis Hudgins and Virginia Hudgins contractually agreed that Dennis Hudgins would insure his life in an amount up to $100,000.00 for the benefit of his minor child in the event

of his death, and the Court will enforce that contract. The equities require that the Court impose a constructive trust on the ERISA plan proceeds for the benefit of Virginia Hudgins in her capacity as trustee for the benefit of the Hudgins' minor child in accordance with the terms of the divorce decree. To rule otherwise would defeat the obvious intent of the Hudgins' final divorce decree and would abrogate the power of any Tennessee court to equitably provide security for the care, custody, and maintenance of minor children.

## V. Conclusion

In this case, equity compels a finding that Plaintiff, in her capacity as trustee for her minor child, is entitled to the proceeds of the UNUM insurance policies, but only to the extent of $100,000.00, the amount specified in the divorce decree. Accordingly, Plaintiff's Motion for Summary Judgment (Docket No. 34) is GRANTED, and Defendant's Motion for Summary Judgment (Docket No. 39) is DENIED. Plaintiff is awarded $100,000.00 of the insurance death benefits that were placed in the Registry of the Court, to be held in trust by her and utilized for the benefit of Seth Neal Hudgins.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE